FILED

2708353

2015 JUL -6 PM 2: 30

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

BERNARD NOEL,

   Plaintiff,

vs.

THE PANTRY, INC.,

   Defendant.

_____/

CASE NO.:
DIV. NO.:

6:15-cv-1084-OR-28DAB

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Bernard Noel, sues Defendant, The Pantry, Inc., and alleges as follows:

### INTRODUCTION

1. This is an action for declaratory and injunctive relief against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.*(the "ADA").

2. Congress directed the Department of Justice ("DOJ") to promulgate regulations implementing Title III's prohibition against discrimination. 42 U.S.C. 12186. Pursuant to this mandate, the DOJ published the original ADA Standards for Accessible Design on July 26, 1991 (the "1991 ADA Standards"). 28 C.F.R. Pt. 36, App. D. On September 15, 2010, the DOJ published revised accessibility standards called the 2010 ADA Standards for Accessible Design (the "2010 ADA Standards").

3. As set forth below, Defendant has discriminated against Plaintiff in violation of the ADA.

## PARTIES, JURISDICTION, & VENUE

4. Plaintiff is an individual over the age of eighteen years, *sui juris*, and a resident of Brevard County, Florida.

5. Plaintiff is wheelchair-bound. This physical impairment substantially limits several of his major life activities, including, but not limited to walking. Plaintiff is considered an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

6. Defendant is a North Carolina Company with its principal address at 305 Gregson Drive, Cary, NC 27511. Defendant is registered to do business in Florida.

7. Upon information and belief, Defendant is the owner, lessor, lessee or operator of the business located at 3990 Lake Drive, Cocoa, FL 32926 (the "Property").

8. This Court has original jurisdiction over the action pursuant to 28 U.S.C., § § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 1281. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

9. Venue is proper in this Court because the Property is located in Florida, within the Middle District.

## FACTUAL BACKGROUND

10. On or about March 19, 2015, Plaintiff visited the Property to enjoy the goods and services.

11. The Plaintiff encountered discriminatory barriers on the Property. The discriminatory barriers that were encountered by Plaintiff on the Property include, but are not limited to, the following ADA violations:

Fuel Dispenser:

a. The operable part of the fuel dispenser exceeds the 54" maximum allowable height as described in Section 308.3.1 of the 2010 ADA Standards and Section 308.3.1 of the 2012 Florida Accessibility Code.

Parking Facility:

b. The accessible parking stall exceeds the 2% maximum allowable slope in any direction as described in Section 502.4 of the 2010 ADA Standards and Section 502.4 of the 2012 Florida Accessibility Code.

c. The accessible parking stall is not located on the shortest accessible route to the accessible entrance as required in Section 208.3.1 of the 2010 ADA Standards and Section 208.3.1 of the 2012 Florida Accessibility Code.

Accessible Route:

d. The ramp leading to the accessible entrance exceeds the 2% maximum allowable cross slope as described in Section 403.3 of the 2010 ADA Standards and Section 403.3 of the 2012 Florida Accessibility Code.

e. The sidewalk along the accessible route adjacent to the facility exceeds the 2% maximum allowable cross slope as described in Section 403.3 of the 2010 ADA Standards and Section 403.3 of the 2012 Florida Accessibility Code.

Men's Restroom:

f. The hardware on the main restroom door requires pinching and grasping which violates Section 309.4 of the 2010 ADA Standards and Section 309.4 of the 2012 Florida Accessibility Code.

g. The 5ft diameter minimum required turning space is not provided within the toilet room, which violates Section 304.3.1 of the 2010 ADA Standards and Section 304.3.1 of the 2012 Florida Accessibility Code.

h. The door swings into the 60"x59" minimum required clearance around the water closet which violates Section 603.2.3 of the 2010 ADA Standards and Section 603.2.3 of the 2012 Florida Accessibility Code.

i. The door swings into the 30"x48" minimum required clear floor space of the lavatory which violates Section 603.2.3 of the 2010 ADA Standards and Section 603.2.3 of the 2012 Florida Accessibility Code.

j. The requisite side wall grab bar is not provided which violates Section 604.5 of the 2010 ADA Standards and Section 604.5 of the 2012 Florida Accessibility Code.

k. The requisite rear wall grab bar is not provided which violates Section 604.5 of the 2010 ADA Standards and Section 604.5 of the 2012 Florida Accessibility Code.

l. The 27" minimum required knee clearance is not provided at the lavatory as described in Section 306.3.1 of the 2010 ADA Standards and Section 306.3.1 of the 2012 Florida Accessibility Code.

m. The water supply and drain pipes under the lavatory are not insulated which violates Section 606.5 of the 2010 ADA Standards and Section 606.5 of the 2012 Florida Accessibility Code.

n. The mirror exceeds the 40" maximum allowable height above finished floor as described in Section 603.3 of the 2010 ADA Standards and Section 603.3 of the Florida Accessibility Code.

12. The foregoing barriers deny Plaintiff access to, and the full enjoyment of, the goods, services facilities, privileges, advantages, and/or accommodations of the Property in violation of the ADA, 42 U.S.C. § 12181, *et seq*. The barriers also prevent Plaintiff from returning to the Property to enjoy the goods and/or services available to the general public.

13. The Plaintiff required assistance pumping gas into his vehicle and notified Defendant or attempted to notify Defendant of same by using his lights, siren and public address system. Defendant failed or refused to provide assistance.

14. All other conditions precedent have been satisfied by Plaintiff or have been waived by Defendant.

## COUNT I—VIOLATION OF TITLE III OF THE ADA

15. Plaintiff re-alleges and incorporates the allegations of Paragraphs 1-14 above as fully set forth herein.

16. Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

Case 6:15-cv-01084-JA-DAB Document 1 Filed 07/06/15 Page 6 of 10 PageID 6


accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a).

17. The Property is considered a place of "public accommodation" as that term is defined in 42 U.S.C. § 12181 and 28 C.F.R § 36.104.

18. The term "disability" includes physical and mental impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(2). Thus, Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12102.

19. Discrimination for purposes of 42 U.S.C. § 12182(a) includes:

a. "a failure to design and construct facilities for first occupancy [after January 26, 1992] . . . that are readily accessible to and usable by individuals with disabilities," under 42 U.S.C. §12183;

b. "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable," under 42 U.S.C. § 12182(b)(2)(A)(iv); and

c. "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable," under 42 U.S.C. §12182(b)(2)(A)(v).

20. Discrimination for purposes of 42 U.S.C. § 12182(a) also includes:

a. "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities,

unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations," under 42 U.S.C. §12182(b)(2)(A)(ii); and

b. "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden," under 42 U.S.C. §12182(b)(2)(A)(iii).

21. By failing to provide accessibility, Defendant is discriminating against Plaintiff on the basis of disability by excluding him from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant in violation of the ADA, 42 U.S.C. 12182(a).

22. Upon information and belief, Defendant, or its predecessors in interest, either designed and constructed the Property, or altered the Property, on or after January 26, 1992. Thus, *at the very minimum*, the Property must comply with the 1991 Standards in order to be readily accessible to and usable by individuals with disabilities under the ADA.

23. To the extent that the barriers to access complained of herein are found to be existing elements or areas of the Property that are not subject to the ADA's alteration requirements under 42 U.S.C. § 12183, the modifications needed to make those elements

or areas accessible are readily achievable, within the meaning of 28 C.F.R. § 36.304 and 42 U.S.C. § 12181(9).

24.  To the extent that the barriers to access complained of herein are found to be altered facilities and that the alterations necessary to ensure compliance with the 1991 Standards or the 2010 Standards are technically infeasible, or existing facilities that are not readily achievable to remove, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal, as set forth in 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

25.  Defendant failed or refused to provide refueling assistance to Plaintiff upon request, as required by the ADA.

26.  Defendant failed to properly notify Plaintiff (e.g., using signs or notification on or near pumps) how he and other individuals with disabilities can obtain refueling assistance as required by the ADA.

27.  As a resident of the Brevard County, Florida, Plaintiff desires to visit the Property in the future to enjoy the goods and services provided at the Property, once Defendant brings the Property into compliance with the ADA.

28.  Upon information and belief, if Plaintiff returns to the Property he will encounter the discriminatory barriers described above.

29.  Plaintiff has suffered direct and indirect injury as a result of Defendant's discrimination. Until Defendant is compelled to comply with the requirements of the ADA, his injury will continue. Thus, Plaintiff is compelled to seek relief in this action

because Defendant has failed to provide an accessible route to the restroom and has failed to otherwise comply with the ADA.

30. Defendant's conduct constitutes an ongoing and continuous violation of the ADA and unless restrained from doing so, Defendant will continue to violate said law.

31. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require Defendant to immediately alter the Property to make the facility readily accessible and useable to Plaintiff.

32. Plaintiff has retained the law firm of Morgan & Morgan, P.A., and is obligated to pay said firm a reasonable attorneys' fee for its services in connection with the prosecution of this action. Plaintiff is entitled to recover her attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a) The Court issue a Declaratory Judgment that determines that Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*.

b) Injunctive relief against Defendant, including an order requiring Defendant to alter the Property to make such facility readily accessible to and usable by individuals with disabilities by providing accessible restrooms;

c) An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq*.

Respectfully submitted this 2nd day of July, 2015.

_____
ERIC W. DEMING, ESQUIRE
Florida Bar No. 43678
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Post Office Box 4979
Orlando, FL 32802-4979
(407) 420-1414
(407) 423-7928 - Facsimile
Attorneys for Plaintiff
Primary Email: Deming@forthepeople.com